UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CALEB A. TAYLOR,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:20-cv-00888 |
| **STATE OF TENNESSEE,** *et al.*, | ) |
| **Defendants.** | ) |

# MEMORANDUM OPINION

Caleb A. Taylor, an inmate of the Sumner County Jail in Gallatin, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the State of Tennessee, Judge f/n/u Carter,[1] "District Attorney for Criminal Court" in his/her official capacity, Deputy f/n/u Gambina in his/her individual capacity, Criminal Court Judge David Dee Gay in his official capacity, Judge f/n/u Hunter, District Attorney f/n/u Mauldin in his/her official capacity, Deputy f/n/u Radtke, Sergeant f/n/u Winslow in his/her individual capacity, Parole Officer f/n/u Silvers, Parole Officer Kristen Smith in her official capacity, Court Clerk Kathryn Strong in her official capacity, and Jennette Rice in her individual capacity. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[1] The complaint does not identify in what capacity(ies) the plaintiff sues defendants Carter, Radtke, Hunter, or Silvers. (Doc. No. 1 at 6).

1

**I. PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the

2

plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. "Violation of Constitutional Rights" Filing

Subsequent to filing his complaint, Plaintiff filed a document entitled "Violation of Constitutional Rights." (Doc. No. 4). The document provides additional information about the claim raised in the complaint; it does not seek to add new claims or defendants.

The complaint provides few details about Plaintiff's claim. Therefore, the Court will screen the original complaint, as informed by Plaintiff's "Violation of Constitutional Rights" filing (Doc. No. 4), pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A. Going forward, however,

3

Plaintiff is advised that he cannot litigate this action or any action in this Court by way of notices or letters to the Court. Even though Plaintiff is proceeding pro se and the Court will take into consideration his pro se status when evaluating pleadings and pending motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If Plaintiff wishes for the Court to consider arguments and evidence, he must raise them by way of timely and properly filed motions.

## IV. Alleged Facts

The complaint broadly alleges that, on "August 31 – July 30[,] 2020", the "officers and the Sumner Co. courts violated [his] civil rights." (Doc. No. 1 at 7). Plaintiff brings suit under 42 U.S.C. § 1983 based on his "Fifth [A]mendment Marand [sic] Rights." (Id. at 4). As relief, Plaintiff asks the court to dismiss all charges against him "but if [he is] found guilty," he wants Sumner County to pay him $75,000,000. (*Id.*)

At the time of the events pertinent to this action, Plaintiff lived in Castalian Springs, Tennessee, where he was under community supervision. (Doc. No. 4 at 1-2). On July 29, 2020, he searched his neighborhood to locate a trailer that was missing from his property after a break-in. (Id.) He equipped himself for the search by donning a number of items typically associated with law enforcement officers, including a tactical vest, handcuffs, pepper spray, tear gas, an air-soft gun resembling a Glock, a radio with earpiece, a 7-inch army knife, a taser, a baton, and a badge. (Id. at 5-6). During his search, he confronted two women after discovering "an identical trailer" to his missing trailer on the property at which the women were located, and Plaintiff took pictures of the trailer on their property and asked them about the serial number of the trailer. (Id. at 3). Officers later arrested Plaintiff on multiple charges, including violation of community supervision rules,

4

evading arrest, and resisting arrest. (Id. at 5). Plaintiff asserts that the officers never read him his Miranda rights. (Id. at 6).

**V.     Analysis**

The doctrine of res judicata encompasses both claim preclusion and issue preclusion. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 n.5 (6th Cir. 2006). "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Rawe, 462 F.3d at 528 n.5. In contrast, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id.

   **A.     Issue Preclusion**

"Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." Gen. Elect. Med. Sys. Europe v. Prometheus Health, 394 F. App'x 280, 283 (6th Cir. 2010) (citation omitted).

Plaintiff previously filed a complaint under Section 1983 against a number of the same Defendants named in the instant lawsuit. See Caleb Taylor v. Kristen Smith, et al., No. 3:20-cv-00747 (M.D. Tenn. filed 9/1/2020). In Case No. 3:20-cv-00747, Plaintiff alleged one claim against all defendants: a violation of his Fifth Amendment rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1996). He contended that the law requires law enforcement officers to read Miranda rights

5

every time someone is arrested and that failure to do so means that the arrestee cannot be prosecuted for any charges. (Id., Doc. No. 1 at 11–12, 21–22, 31–32, 35.) He sued several law enforcement officers, the prosecutor, and two state judges and sought either dismissal of all pending charges brought against him in violation of his Miranda rights or money damages for violation of his Miranda rights. (Id., Doc. No. 1 at 2–4, 12–13, 22–23, 32, 36; Doc. No. 1-1 at 29). By Order and Memorandum entered on September 9, 2020, the Honorable Aleta A. Trauger dismissed the case for failure to state a claim under Section 1983 upon which relief can be granted. (Id., Doc. No. 4 at 4-6).

From a review of both complaints, Plaintiff's previous lawsuit and current lawsuit concern the same incident (Plaintiff's arrest after violating his community supervision while looking for his stolen trailer) and many of the same Defendants. The precise issue now raised, i.e., whether Plaintiff's Miranda rights were violated, was raised and litigated in the prior action. The Court already has reviewed that claim under the Prison Litigation Reform Act and determined that Plaintiff's allegation fails to state a claim under Section 1983 upon which relief can be granted. See No. 3:20-cv-00747 (Doc. No. 4 at 4-6). In Plaintiff's prior action, the Court determined that Plaintiff's "claim [wa]s unfounded and rests on a misunderstanding of the holding and application of Miranda." (Id.). Miranda did not apply because Plaintiff had not alleged that he was interrogated at the time of his arrest or that he gave any statement to the arresting officers or at any point before he was warned about his right to remain silent. (See id.) The Court held, however, that even if Plaintiff had been interrogated, a law enforcement officer's "'failure to read Miranda warnings to [an arrestee does] not violate [the arrestee's] constitutional rights **and cannot be grounds for a**

6

**§ 1983 action**." (Id. at 5-6 (quoting Chavez v. Martinez, 538 U.S. 760, 772 (2003) (emphasis added)).

That determination is conclusive in this subsequent suit based on the same cause of action under Section 1983. First, the precise issues were raised and actually litigated in Plaintiff's prior lawsuit. The same claims cannot be relitigated by Plaintiff in this or any other action in federal court, even if Plaintiff sought monetary damages in the instant lawsuit instead of release from prison.[2] See Prometheus Health, 394 Fed. App'x 280, 283; see e.g., Hamilton v. State Farm Fire & Cas. Co., 127 F.3d 1102, 1103 (6th Cir. 1997) ("The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action.").

Second, the Court's prior determination that Plaintiff's allegations failed to state a claim upon which relief can be granted under Section 1983 was clearly necessary to the outcome of the prior proceeding. Indeed, it was the sole reason for the Court's dismissal. Thus, the second requirement for issue preclusion is met. See Prometheus Health, 394 F. App'x 280, 283.

Third, the Court's decision to dismiss Plaintiff's claims pursuant to the Prison Litigation Reform Act in the previous case was a final judgment on the merits. See Taylor, Case No. 3:20-cv-00747 (Doc. No. 4 at 6) ("This is the final order denying all relief in this matter. The Clerk **SHALL** enter judgment."). That judgment is binding on Plaintiff. See Prometheus Health, 394 F. App'x 280, 283; see also Goodwin v. Hall, No. 3:16-1347, 2016 WL 3430430, at *2 (M.D. Tenn. June 22, 2016) (finding that Court's prior decision after screening prisoner-plaintiff's claim under

---

[2] As noted above, Plaintiff seeks the dismissal of the state criminal charges pending against him and, alternatively, money damages.

7

the Prison Litigation Reform Act constituted a final decision on the merits); Haddad v. Mich. Nat'l Corp., 34 F. App'x 217 218 (6th Cir. 2002) (finding that a dismissal with prejudice is considered a final judgment on the merits).

Fourth, even though Plaintiff has proceeded pro se in both actions, there is no evidence that he has been deprived of an opportunity to fully and fairly litigate his cases. See Prometheus Health, 394 F. App'x 280, 283; see also United States v. Guy, No. 1:05 CV 2605, 2006 WL 1874709, at *6 n.5 (N.D. Ohio July 3, 2006) (Defendant's "partial pro se status did not prevent [her] from having a 'full and fair' opportunity to litigate" an issue).

Consequently, the Court concludes that the elements of issue preclusion are met. Plaintiff is barred from relitigating the Court's prior adjudication of the same Section 1983 claims against the same Defendants. In other words, Plaintiff cannot file the same claims against the same Defendants in a new action in the hope of achieving a different result.

### B. Claim Preclusion

With regard to Plaintiff's claims in this action against Defendants who were not named as defendants in Plaintiff's prior action, claim preclusion bars those claims. "Claim preclusion bars not only relitigating a claim previously adjudicated, it also bars litigating a claim or defense that should have been raised, but was not, in the prior suit." Notredan, LLC v. Old Republic Exhange Facilitator Co., 875 F. Supp.2d 780, 786 (W.D. Tenn. June 21, 2012) (citing Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir. 2003)). "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).

Here, claims against the State of Tennessee, "District Attorney for Criminal Court", Criminal Court Judge David Dee Gay in his official capacity, Parole Officer f/n/u Silvers, Court Clerk Kathryn Strong in her official capacity, and Jennette Rice in her individual capacity could have been brought in the prior action. All of the facts upon which Plaintiff's claims rest were known to him when he filed the prior action. Plaintiff should not be permitted to split his cause of action into two separate federal lawsuits; instead, he should have raised in a single lawsuit all the grounds for recovery arising from his arrest after searching for his missing trailer. See Notredan, 875 F. Supp.2d 780, 787. The Court therefore finds that all claims that arose or could have arisen in Plaintiff's prior action are barred by claim preclusion and should be dismissed.

The Court is aware that res judicata is an affirmative defense that usually must be raised by a defendant. See Fed. R. Civ. P .8(c). However, the Supreme Court and the Sixth Circuit have indicated that a court may take the initiative to assert the res judicata defense sua sponte in "special circumstances." Arizona v. California, 530 U.S. 392, 412 (2000); Gooch v. Life Investors Ins. Co. of Am., 672 F.3d 402, 418 (6th Cir. 2011) (citing Arizona for the proposition that the Court may address sua sponte the issue of res judicata). The "special circumstance" recognized in Arizona is when "a court is on notice that it has previously decided the issue presented." Id. at 412 (citations and internal quotation marks omitted). As this case is essentially a refiling of a case that was before this Court within the past year, the Court finds that the claims and issues presented in this case have been thoroughly litigated and decided on the merits.

### C. Heck Claims

Even if Plaintiff's claims against the State of Tennessee, "District Attorney for Criminal Court", Criminal Court Judge David Dee Gay in his official capacity, Parole Officer f/n/u Silvers,

9

Court Clerk Kathryn Strong in her official capacity, and Jennette Rice in her individual capacity were not barred by claim preclusion, the law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)) (emphasis added). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. Heck, 512 U.S. at 489-90 (claim for damages is not cognizable); Preiser, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, i.e., reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87; Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended Heck to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Plaintiff's request for relief to have this Court dismiss his state criminal charges directly challenges his continued confinement. This request is barred by Heck and its progeny.

## VI. Conclusion

For the reasons explained herein, the Court finds that a review of the complaint is barred by the doctrines of issue and claim preclusion. Accordingly, this action will be dismissed. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE